ON REHEARING
We granted plaintiff-appellee’s application for a rehearing limited to the question of medical and comprehensive, coverage under the insurance policy, to be submitted on briefs. It is admitted that the policy in question provides for such coverage.
Plaintiff in her petition itemized her damages under the medical payment coverage of the defendant’s policy as follows:
(1) Dr. W. S. Harrell medical fees-$ 220.00
(2) Hospitalization — Bogalusa Community Medical Center -' — -- 224.94
(3) Additional medicine and drugs - 27.77
(4) Transportation in connection with medical treatment - - - 14.70
$ 487.41
and under the comprehensive coverage as follows:
(1) Glass damage to aforesaid :
1955 Chevrolet Bel Aire — $ 88.54.
It is admitted .that plaintiff has proven items (1), (2) and (3) under the medical payments coverage and the full amount claimed under the comprehensive coverage. We do not find any proof of item (4) for transportation in connection with the medical treatment in the amount of $14.70, and the trial court inadvertently awarded $30.00 for item (3), which, ‘ deducted from the total amount claimed leaves a balance due and proven under the medical payment coverage of $479.71/ pius $88.54 due,' proven and admitted under the comprehensive coverage, making, a total amount of $568.25 for which the plaintiff is entitled to judgment.
Counsel for defendant-appellant in his brief “ * * * respectfully suggests to the Court that tender of these items was made to plaintiff prior to institution of her suit. In fact, in Article XVII of plaintiff’s petition this fact is admitted.” The record does not show a legal tender and in Article XVII of plaintiff’s petition she alleges that part-.payment was offered by defendant, “as to claims per Paragraph XV above regarding medical payment, coverage and Paragraph XVI above regarding comprehensive coverage * * *
It is therefore necessary that our original decree be amended so as to award *72 plaintiff-appellee judgment in the full sum of $568.25 under the medical and comprehensive coverage of the defendant’s policy of insurance.
For the above and foregoing reasons, it is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Mrs. Mattie M. Sullivan Grimes, and against the defendant, American Motorists Insurance Company, in the full sum of $568.25 with legal interest from judicial demand until paid.
It is further ordered that the defendant pay all costs in this suit.
Reversed in part and amended and affirmed in part.